**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5500

RYAN NEWSOME,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-94-83)

Submitted: April 15, 1996

Decided: April 29, 1996

Before ERVIN and MOTZ, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ronald Edward Schwartz, Cincinnati, Ohio, for Appellant. Rebec-
ca A. Betts, United States Attorney, Stephanie D. Thacker, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ryan Newsome was convicted by a jury of conspiracy to possess crack cocaine from July 1992 to May 1994, 21 U.S.C.A. § 846 (West Supp. 1995), and distribution of crack cocaine on April 15, 1994. 21 U.S.C.A. § 841 (West 1981 & Supp. 1995). He was sentenced to a term of 292 months imprisonment. Newsome appeals his conviction and his sentence. We affirm.

Newsome grew up in Huntington, West Virginia. After graduating from high school in 1988, he attended Ohio State University in Columbus, Ohio, and worked part-time for the University's Department of Recreation until his arrest in May 1994.

At Newsome's trial, Tony Hopkins, a confidential informant and Newsome's cousin, testified that in 1992 he began delivering crack to dealers in Huntington for Newsome. Hopkins said Newsome also gave him crack to sell in Huntington in 1992 and 1993, but refused to deal with Hopkins after Hopkins smoked the crack instead of selling it. In April 1994, Hopkins began working with drug task force agents in the Huntington area and, in a number of recorded telephone calls, agreed to buy an ounce of crack from Newsome in Huntington for $1300 in cash. The crack was delivered to Hopkins by Brian Frazier, another of Newsome's cousins, on April 15, 1994. A later three-ounce controlled buy scheduled for May 5, 1994, did not go through. Newsome and Brian Frazier met Hopkins but became suspicious of him. Newsome and Frazier were arrested the next day.

Frazier pled guilty to conspiracy and testified at Newsome's trial that in March 1994 he transported money to Newsome in Ohio and crack to Newsome's uncle in Huntington. Frazier confirmed his delivery of a package from Newsome to Hopkins for which Hopkins paid $1300; Frazier returned the money to Newsome. He also testified that on the night before his arrest he and Newsome met Hopkins in the expectation that Hopkins would buy drugs which Newsome had sent to Huntington via a runner earlier in the day. Newsome's aunt, Andrea (Angel) Hopkins, testified that she bought crack for her own use from Newsome in 1993 and sold about six grams of crack for

2

Newsome from her apartment in Huntington at the end of 1993 or early in 1994.

Newsome testified that he never sold crack. He explained his recorded conversations with Hopkins by stating that he was lying to Hopkins about possible drug deals in hopes of recovering money he once loaned to Hopkins to pay a drug debt. Newsome was convicted of both counts.

Newsome first contends that the evidence was insufficient to convict him of either offense, alleging that the government's witnesses had reason to lie and that the government failed to prove that he possessed crack during the aborted deal with Hopkins just before his arrest. A conviction must be sustained if there is substantial evidence to support it, taking the view most favorable to the government. United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3563 (U.S. Jan. 23, 1995) (No. 94-7337). The credibility of witnesses is a decision for the jury which is not susceptible to review. Id. Here, the jury chose to believe the government's witnesses rather than Newsome. The evidence provided by Tony Hopkins, Frazier, and Andrea Hopkins was more than adequate to establish that Newsome had conspired to distribute crack and had possessed crack with the intent to distribute on April 15, 1994, or at the least had aided and abetted Frazier in doing so.

Newsome maintains that the district court abused its discretion in excluding as irrelevant certain items he sought to introduce: correspondence from the Columbus Department of Public Safety which indicated that Newsome had inquired about becoming a police officer but had failed to show up for an interview, a 1992 pawn ticket for a ring, and a receipt showing that his vehicle was repossessed and he paid to recover it.

Rule 402 of the Federal Rules of Evidence provides in part that "[e]vidence that is not relevant is not admissible." Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The district court has broad discretion to determine

3

whether evidence is relevant. United States v. Fernandez, 913 F.2d 148, 155 (4th Cir. 1990).

Newsome argues that the evidence was relevant to show that he was a law-abiding person who was in financial difficulties rather than one who was enjoying profits from drug dealing. The court held that neither an inclination to become a police officer nor financial difficulties were necessarily inconsistent with drug dealing or tended to make his innocence more probable. We cannot say that the district court abused its discretion in finding the evidence inadmissible.

Newsome contends that the district court clearly erred in finding that 1023 grams of crack were attributable to him under USSG § 2D1.1* because the government's witnesses were unreliable sources of information. Factual evidence considered at sentencing must have some minimal indicia of reliability beyond mere allegation. United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991). However, the gist of Hopkins's testimony was corroborated by Frazier and Andrea Hopkins, and the recorded conversations between Hopkins and Newsome confirmed Hopkins's testimony concerning certain amounts of crack. A defendant who disputes information in the presentence report has the burden of showing that it is unreliable. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Newsome's blanket denial of any crack dealing and his assertion that all the witnesses lied did not assist the district court in determining his relevant conduct. Therefore, we find that the district court did not clearly err in adopting the finding recommended in the presentence report.

Next, Newsome contends that he was not deserving of a four-level adjustment under USSG § 3B1.1(a) as a leader in the offense. The district court found that the conspiracy involved more than five participants. They included Newsome; his aunt, Andrea Hopkins; his uncle, Johnny Newsome; "Kent," his source in Columbus; Anthony Hopkins; Brian Frazier; and Kenny Ziegler and Brian Courts, to whom Hopkins delivered crack before his falling out with Newsome. The district court found that Ryan Newsome was the moving force in the conspiracy. It was not necessary, as Newsome argues on appeal, that

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

4

he "control" at least five other participants. The court's factual finding was thus not clearly erroneous.

Finally, Newsome asserts that the district court erred in denying his post-sentencing motion for release on bond pending appeal without ruling on a conflict of interest claim raised in the motion, i.e., that his trial attorney was distantly related to government witness Brian Frazier. Newsome later renewed this claim in a motion for bail in this court, which was denied. In its response to the motion, the government submitted an affidavit from the attorney denying any relation to Frazier.

An actual conflict of interest which adversely affects an attorney's representation of his client implicates the Sixth Amendment right to effective assistance of counsel. United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991). If a possible conflict situation is brought to the district court's attention during the trial, the court has a duty to address it. Id. at 381. In this case, Newsome only raised the issue after he was sentenced, and then in the context of a bail motion, claiming that his conviction would likely be reversed because his attorney was ineffective. We find that the district court did not err in failing to conduct an inquiry into the alleged conflict at that point. Nor will we address Newsome's underlying ineffective assistance claim. The record does not unambiguously demonstrate ineffectiveness and the claim would be better raised in a motion filed under 28 U.S.C. § 2255 (1988).

We therefore affirm the conviction and the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5